Joseph T. Wachowski, Administrator, Appellee, v. Chi=
cago Ornamental Iron Company, Appellant.

## Gen. No. 16,038.

1.. MASTER AND SERVANT—*who are fellow servants.* Servants of a common master who at the time of an accident to one of them are co-operating in the particular business in hand, are fellow servants.

2. CONTRIBUTORY NEGLIGENCE—*when servants guilty of.* A servant who fails to employ instrumentalities provided for his use and neglects to observe warnings given for his safety is guilty of contributory negligence which will bar a recovery if his method of performing his work directly contributes to his injury.

Trespass on the case. Appeal from the Circuit Court of Cook county; the HON. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with finding of fact. Opinion filed February 13, 1912.

FRANK M. COX and R. J. FELLINGHAM, for appellant.

JOHNSON & BELASCO, for appellee; JOEL BAKER, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is an action of trespass on the case commenced in the Circuit Court of Cook county by Joseph T. Wachowski, as administrator of the estate of Stanislaus Sikucinski, deceased, appellee, against Chicago Ornamental Iron Co., appellant (defendant below, and hereinafter called defendant), to recover damages for the death of said Sikucinski, resulting from injuries sustained by him on December 10, 1903, while in the employ of defendant, engaged in constructing an iron stairway landing or platform in the Railway Exchange building in Chicago. A jury trial resulted in a ver-

dict and judgment for $5,000 in favor of appellee, from which judgment this appeal is taken.

The declaration consisted of one count as amended, and averred, in substance, that deceased was in the employ of defendant and was engaged in putting certain iron work in place on a certain stairway in said Railway Exchange building under the direction of defendant, that it was the duty of defendant to furnish deceased with a reasonably safe place to work, that defendant negligently caused and permitted a certain cast iron beam, connected with a certain other cast iron beam, connected with the wall of said building, to be and remain weak, defective and insecure, which defendant knew or could have known by the exercise of reasonable care, but of which deceased did not have notice or by the exercise of reasonable care could not have had notice, and that, by reason of said negligence of defendant, while deceased was upon said cast iron beam by and under the direction of the defendant, and while deceased was in the exercise of due care for his own safety, the said beam, upon which deceased was resting, broke and gave way, causing deceased to fall a great distance, whereby he was injured and which injuries caused his death.

From the evidence it appears, among other things, that on the day mentioned defendant had the contract for, and was erecting, the iron work for the stairways and platform landings in said building and had been so engaged for several months; that said iron work for said landings had been erected up to the twelfth floor and that the iron frame work for the platform of that floor, when the accident occurred, was nearly completed; that these platform landings on each floor were of the same size and similarly constructed; that the platform at the twelfth floor was composed of six cross-bars, about twenty inches apart each from the other, running east and west, and each fastened to the

fascia on the sides, and between each of these cross-bars was a cast iron brace about twenty inches long, running north and south and extending from one cross-bar to another, and to which cross-bars said braces were attached by means of matched lugs and bolts; that the cross-bars and braces were each shaped something like an ordinary railroad rail, with the wide part uppermost when in place, were each about three inches wide on top and about three and one-half inches high, and each end of each brace was so formed that it had a lug which matched the corresponding lug projecting from the side of each cross-bar, and in the center of each lug there was a bolt hole, so that when the corresponding lugs of a cross-bar and brace were fitted together they might be securely fastened by means of bolts and nuts; that at the time of the accident the deceased,—then a man of twenty-two years of age,—was sitting astride a brace between two of the cross-bars on said twelfth floor platform, tightening a bolt, when a lug at one end of said brace broke where the bolt went through, and he fell.

It further appears from the evidence that about three or four weeks before the accident deceased and one Wilhelm went together to the building and applied to the foreman of defendant, one Bahlau, for work and were employed by him; that for over a year prior to this time Wilhelm and deceased had been working together on the architectural iron work of other buildings and were familiar with that kind of work; that from the time of said employment by Bahlau and up to the time of the accident deceased and Wilhelm had frequently worked together and had together built two other platforms on lower floors of the building; that they had worked together on the twelfth floor platform the day before the accident and had it completed, except the tightening of some of the bolts, when deceased fell; that at that time they were working together on

said platform alone; that while deceased was a
"helper" to Wilhelm they together did practically the
same kind of work, namely: putting in the cross-bars
and the braces and fastening them together; that be-
fore the accident defendant had furnished Wilhelm
and deceased suitable planks, ropes, etc., with which
to make an underneath scaffold or sling for them to
stand upon while doing their work; that they had been
ordered by the foreman to make use of such a scaffold,
and that they had previously made use of the same,
but that at the time of the accident deceased was not
using the same, but was sitting astride of one of the
braces; that deceased had been warned more than once
by other workmen who were passing by not to sit on
the braces, and was told that he might fall, but these
warnings were disregarded by deceased; that the brace
which broke was examined shortly after the accident,
that it was then found to be sound, with no flaw in it,
except the broken lug, and that there was a clean, fresh
break in the lug; that such examination further dis-
closed evidences that no bolt had been put in and
through the lug at the other end of said brace so as
to firmly attach it to other cross-bar; that Wilhelm,
who was the only person who was working with de-
ceased at the time of the accident, testified that he did
not know what made the lug of the brace break; that
Wilhelm further testified that about an hour before
the accident, while he and deceased were engaged in
the work of tightening the bolts, he heard a sound as
if a piece of iron had cracked, but that he could not
tell whether the sound came from the brace which
afterwards broke or not.

We have been favored with exhaustive briefs and
arguments by counsel of both parties, and we have
carefully examined the record of the case. Appellee
seeks to sustain the verdict and judgment of the lower
court on the theory, and so contends, that Wilhelm

was the vice-principal of defendant, that he, as such vice-principal, knew, or should have known by the exercise of reasonable care, that the beam, or brace, was weak, defective and insecure, and that deceased, at the time of the accident, was doing the work in hand in the particular manner as directed by such vice-principal. To this we cannot agree. We think the evidence shows that, at the time of the accident, Wilhelm and deceased were co-operating in the particular business in hand, and were in fact and in law fellow servants; that the defendant was not guilty of any negligence, and that the deceased was himself guilty of negligence in not making use of the scaffold above mentioned in performing his work, and in sitting astride said brace after being warned not to do so. The judgment of the lower court is reversed.

*Reversed with finding of fact.*